THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HOSPITAL LA CONCEPCION

　　Petitioner,

　　v.

UNION LABORAL DE ENFERMERAS(OS) Y EMPLEADOS DE LA SALUD,

　　Respondent.

Civil No. 18-1524 (ADC)

## OPINION AND ORDER

Pending before this Court is Hospital la Concepción's ("HLC" or "petitioner") petition to vacate arbitral award. **ECF No. 1**. Respondent, Unión Laboral de Enfermeras(os) y Empleados de la Salud ("Unión" or "respondent") filed a response, **ECF No. 12**, and HLC replied. **ECF No. 13**.

For the following reasons, the petition to vacate the arbitral award at **ECF No. 1** is **GRANTED**.

**I.　　Background**

HLC filed a petition under Section 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185, to vacate the arbitral award ("award") issued on June 28, 2018, by Arbitrator Maité A. Alcántara Mañaná ("Arbitrator"). **ECF No. 1-1**. According to the award, on or around September 1, 2015, HLC notified its decision to layoff for a period of more than ninety days

several employees represented by Unión. *Id*. at 5. HLC "carried out" the layoffs pursuant to the terms and conditions stipulated in Collective Bargain Agreement ("CBA") executed by the parties. In particular, the layoffs were "carried out by seniority," *id*. at 5, based on the employees' "seniority within his/her department *and* his/her classification." *Id*. at 13 (emphasis added). The Arbitrator, however, concluded that "some of the layoffs" "were not justified" and effected in a manner not "permitted by Law 8[0]." *Id*. at 18, 19. Accordingly, pursuant to Law 80, the Arbitrator found that several employees were entitled to "payment of the corresponding wages and benefits." **ECF No. 1-1** at 19-20.[1]

HLC filed the instant petition challenging the award under several grounds. It argues that the Arbitrator "manifestly disregarded" the text of the CBA and relied on "preempted and inapplicable" law in reaching its conclusion. **ECF No. 1** at 9. HLC also avers that the award "manifestedly disregarded" applicable law providing that the CBA constitutes the "law between the parties" and that the Arbitrator disregarded facts supported by the evidence. *Id*. at 14, 16.[2]

---

[1] The Arbitrator found: "Mayli Rodríguez, Carmen Burgos, and Nelmarys Rivera. They are entitled to the payment of the corresponding wages and benefits, from the date when they were laid off until the date on which the Hospital offered to rehire them, and they declined because they were working with other employers. Employees Ash1ey Castro and Luis A. Cruz, Graduate Nurses; Me1issa Morales, Damián Vera, and Maritza Merced, all of the Associate Nurses are entitled to the difference in wages and benefits to which they would have been entitled from the date on which they were laid off until the date on which they were reinstated as regular employees, deducting those wages earned while they held positions by contract with the Hospital or with other employers. Finally, Claribel Lugo and Andreina Ortiz, classified as Technicians assigned to Clinic Unit A, are entitled to the corresponding discharge indemnity, according to the formula provided in Law 80, as amended by Law 128 of October 7, 2005, 17 given that since no evidence was provided that justified leaving other employees with less seniority in the same classification, the dismissals were unjustified, by exceeding the term of one year provided in the Collective Bargaining Agreement to reserve with seniority." **ECF No. 1-1** at 19-20.

[2] As discussed herein, the Court is not allowed to delve into the merits of the Arbitrator's findings. Therefore, the Court will not entertain HLC's arguments regarding the merits of the case. *See Cytyc Corp. v. DEKA Prods. Ltd. P'ship,* 439 F.3d 27, 32 (1st Cir. 2006).

Unión filed a response and HLC replied. **ECF Nos. 12, 13**. In its opposition at **ECF No. 12**, Unión does not dispute any of HLC's statements of facts or factual findings in the award. Instead, Unión charges straight ahead challenging this Court's jurisdiction to vacate the award under the deferential standard of review due to arbitral awards in labor disputes. *Id*.

## II. Legal Standard

District Court's review over arbitral awards must "be 'extremely narrow and exceedingly deferential.'" *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 330 (1st Cir.2000) (quoting *Wheelabrator Envirotech Operating Servs., Inc. v. Mass. Laborers Dist. Council Local 1144*, 88 F.3d 40, 43 (1st Cir. 1996)). Because arbitration is entered only when both parties "have contracted to have disputes settled by an arbitrator," "it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37–38 (1987). Even if the Court is "convinced that the arbitrators committed error—even serious error—does not justify setting aside the arbitral decision. This remains true whether the arbitrator's apparent error concerns a matter of law or a matter of fact." *Cytyc Corp. v. DEKA Prods. Ltd. P'ship*, 439 F.3d 27, 32 (1st Cir. 2006) (internal citation omitted).

Therefore, the Court should "uphold an award that depends on the arbitrator's interpretation of a [CBA] if it can find, within the four corners of the agreement, any plausible basis for that interpretation." *Coastal Oil of New England, Inc. v. Teamsters Local*, 134 F.3d 466, 469 (1st Cir. 1998)(quoting *El Dorado Technical Servs., Inc. v. Unión General De Trabajadores de P.R.*, 961

F.2d 317, 319 (1st Cir. 1992)) (internal quotation marks omitted)). Even erroneous reasoning will not necessarily lead to vacating the award. *Id*.

As with all general rules, there are exceptions where a court may overturn an arbitral award. A statutory exception can be found in section 10(a) of the Federal Arbitration Act ("FAA"). Under the FAA exception, a Court may enter an order vacating the award "(1) where the award was procured by corruption, fraud, or undue means; (2)…evident partiality or corruption in the arbitrators… (3) where the arbitrators were guilty of misconduct… (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C.A. § 10. See generally, *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8 (1st Cir. 1990).

Other narrow exceptions stem from the Court's "inherent power to vacate arbitral awards." *See UMass Meml. Med. Ctr., Inc. v. United Food & Com. Workers Union*, 527 F.3d 1, 6 (1st Cir. 2008)(citing *Cytyc Corp.,* 439 F.3d at 33). "This second set may arise in labor arbitration when either (1) "an award contravenes the plain language of the applicable contract' or (2) when an arbitrator disregards applicable law." *Id.* "We are mindful that despite these exceptions, great deference remains the general mode of approach to judicial review of arbitral awards." *Id.*

The challenge thus "depends upon the challenger's ability to show that the award is (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial

assumption that is concededly a non-fact." *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8–9 (1st Cir. 1990)(citing *Local 1445, United Food and Commercial Workers v. Stop & Shop Cos.,* 776 F.2d 19, 21 (1st Cir. 1985)). Furthermore, the First Circuit has generally recognized two classes of cases involving a challenged award. "[O]ne category, usually involving labor arbitration, is where an award is contrary to the plain language of the collective bargaining agreement." *Id. (citing, inter alia, Strathmore Paper Co. v. United Paperworkers Int'l Union,* 900 F.2d 423, 427 (1st Cir. 1990))*. "The second category embraces instances where it is clear from the record that the arbitrator recognized the applicable law—and then ignored it." *Id*. (citations omitted).

**III.     Discussion**

After "discuss[ions]" with Unión aimed at finding alternatives to avoid layoffs, HLC notified several employees that they would be laid off because of "a drop in patient census." **ECF No. 1-1** at 7-8. Unión submitted the issue for arbitration on behalf of several employees pursuant to the terms and conditions of the CBA, specifically, under the "grievance and arbitration procedure." *Id*.

The Arbitrator held two days of evidentiary hearing. Based on the evidence presented, the Arbitrator determined that "we are not dealing with dismissals," but "rather with layoffs for economic reasons." *Id*. at 17. The arbitrator also found that the CBA provided "greater benefits" than those provided in Law 80 and that it goes "beyond" Law 80's statutory protections. *Id*. After making these two initial findings, the Arbitrator took on Unión's main argument, to wit, that the layoffs were unlawful. According to Unión, despite the fact that the layoffs were conducted

pursuant to the CBA's seniority clause,[3] they were unlawful inasmuch as that particular clause of the CBA is "contrary" to Law 80's seniority formula. *Id*. at 8. Thus, Unión claimed, the CBA seniority clause should be declared "null and void" by the Arbitrator. *Id*. at 15.

Addressing Unión's argument, the Arbitrator noted that Law 80's seniority parameters only include "seniority on the job… within their occupational *classification*," while under the CBA seniority is calculated "based on the employee's seniority within his/her *department* and his/her *classification*." **ECF No. 1-1** at 13 (emphasis added).[4] Once the Arbitrator laid out the difference between the CBA's and Law 80's seniority formula, she narrowed down the controversy to "whether the terms… in the [CBA] *prevail* with respect to the way to carry out the layoffs" *vis a vis* Law 80's "provisions established in the law for the same purposes." *Id*. at 14. Siding with Unión, the Arbitrator ultimately found that the CBA's seniority formula "is contrary" to the "provisions" of Law 80. *Id*. Thus, the Arbitrator departed from the text of the CBA to conclude "some of the layoffs"[5] "were not justified," which is one of the principal requirements under Law 80. *Id*. at 18.

Even tough this Court reads the award with exceedingly great deference, it cannot overlook the fact that the award "contravenes the plain language" of the CBA and "disregard[s] applicable law." *Cytyc Corp.*, 439 F.3d at 33. Importantly, this determination does not rest on a

---

[3] Unión does not challenge the fact that the layoffs were effected pursuant to the terms and conditions of the CBA.
[4] Making reference to Article IX of the CBA, *see* **ECF No. 12** at 5.
[5] These are "Mayli Rodríguez, Carmen Burgos, and Nelmarys Rivera." *Id*. at 19.

review or reconsideration of the merits of the award, but rather focuses on the threshold inquiry of the authority of the Arbitrator to issue the award.

### A.     Law 80

The award hinges on a single conclusion: that the CBA's seniority clause is "contrary" to Law 80. **ECF No. 1-1** at 18. Therefore, the Arbitrator reasoned, layoffs effected following the letter of the CBA's seniority clause "were not justified" and in violation of Law 80. *Id*. Accordingly, Unión was awarded with remedies under Law 80.

HLC's first argument stands for the proposition that the award's dependence on Law 80 is misplaced because Law 80 is preempted inasmuch as it requires "both interpretation and application of the CBA." **ECF No. 1** at 13. As important as this argument is, Unión failed to properly address it in its opposition. *See* **ECF No. 12**.[6]

According to First Circuit caselaw, HLC is right. Section 301(a) of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees… or between any such labor organizations, may be brought in any district court of the United States." 28 U.S.C. § 185(a). The Supreme Court has deemed this section to harness "pre-emptive force… so powerful as to *displace entirely* any state cause of

---

[6] Without further discussion, Unión simply stated that HLC did not cite any caselaw holding "the inapplicability of Law 80" and added that "there are no clear precedents in the decision of the Supreme Court of the Commonwealth of Puerto Rico." **ECF No. 12** at 6. However, as discussed herein, for many years federal law has completely pre-empted and displaced any state law regarding labor management relations. Therefore, contrary to Unión's pretentions, it is not the Supreme Court of Puerto Rico who decides whether Law 80 applies under these circumstances.

action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983)(emphasis added)).

Section 301(a)'s sweeping force is unleashed when claims are "founded directly on rights created by collective bargaining agreements" or if the claims are "substantially dependent on analysis of a collective bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. at 394. Based on this reasoning, the First Circuit has held that a "determination of just cause [under Law 80] presupposes an analysis of the rights and duties imposed by the CBA." *Vargas v. Geologistics Americas, Inc.*, 284 F.3d 232, 235 (1st Cir. 2002). "[E]ven in the event that a termination found not to be in violation of the CBA could otherwise be adjudged without just cause under Law 80," the First Circuit added, "the uncertainty caused by the application of two systems of law would undermine the policy of uniformity in labor law administration." *Id*. Therefore, Law 80 claims "are preempted by federal labor law." *Id.; see Rosado v. Am. Airlines*, 743 F. Supp. 2d 40, 62 (D.P.R. 2010)*("*In accordance with the First Circuit Court of Appeal's ruling in *Vargas,* this Court finds that plaintiff's Law 80 claim is preempted."); *Villanueva-Santiago v. McAllister Towing and Transp. Co., Inc., Puerto Rico Branch*, 10-1735 (SEC), 2011 WL 280849 (D.P.R. Jan. 27, 2011).[7] Moreover,

---

[7] Even though the parties did not raise this issue, the Court finds it suitable to make the following clarification. In *Challenger Caribbean Corp. v. Unión Gen. de Trabajadores de Puerto Rico*, the Court of Appeals found no "incompatibility" worth "invalidating" an award granting remedies under Law 80. 903 F.2d 857, 866 (1st Cir. 1990). However, contrary to the facts in *Challenger Caribbean Corp.*, in the instant case the parties do not contend they "conferred authority to invoke public laws that conflict" with the CBA upon the Arbitrator. *Id*.

citing the "statement of motives" that served as preamble to the enactment of Law 80, three decades ago this Court explained "[t]he purpose of Act No. 80 is to protect *nonunion* employees." *Weatherly v. Intl. Paper Co.*, 648 F. Supp. 872, 877 (D.P.R. 1986)(emphasis added).

Here, the Arbitrator (i) entertained Unión's claims under Law 80, (ii) determined that Law 80 is applicable to the labor disputes submitted for arbitration, (iii) interpreted the CBA in order to concluded that the seniority clause was "contrary" to the requirements of Law 80, (iv) ruled that Law 80 is "above" and "prevails" over the terms of the CBA, (v) and awarded Unión with remedies under Law 80.[8] In doing so, the Arbitrator applied Law 80 and displaced federal labor law. Thus, the award "disregard[s] applicable law." *Cytyc Corp.*, 439 F.3d at 33.

This conclusion also meets the two-step test set forth by the First Circuit. "[A]n award is in manifest disregard of the law if either 'the award is contrary to the plain language of the contract,' or 'it is clear from the record that the arbitrator recognized the applicable law, but ignored it.'" *Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc.*, 274 F.3d 34, 36 (1st Cir. 2001) (quoting *Gupta v. Cisco Sys., Inc.*, 274 F.3d 1, 3 (1st Cir. 2001). First, summarizing HLC's arguments, the Arbitrator recognized that a "collective bargain agreement is a contract with the force of law… in the field of labor-management relations, the duty of the arbitrator is to interpret the clause [sic] of the [CBA]." **ECF No. 1-1** at 14. Yet, as discussed above, the Arbitrator gave precedence to Law 80 and set aside the parties' agreement in the CBA. Secondly, there is no

---

[8] In the words of the Arbitrator, "the principle recognized in law [80 is] above [the] provisions negotiated and included in the Collective Bargaining Agreement." **ECF No. 1-1** at 17.

question as to the fact that the Arbitrator rendered the award pursuant to Law 80, which the Arbitrator deemed "contrary" to the terms and conditions of the CBA. It thus follows, as per the Arbitrator's choice of words, that the award is "contrary" to the plain language of the agreement. In sum, because in this case the "resolution" of Unión's "state-law claim[s] depends upon the meaning of a collective-bargaining agreement, the application of state law… is preempted." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988).

      **B.**      **The plain text of the CBA**

The Arbitrator found the CBA to require layoff based on seniority "within his/her department and his/her classification." **ECF No. 1-1** at 12. Finding that Law 80 "does not establish in any of its parts that in addition to the classification, the department where such layoff is carried out must be considered[,]" the Arbitrator concluded "we are forced to conclude that some of the layoffs carried out by the Hospital in September 2015 were not justified." *Id*. at 17-18. The Arbitrator thus declared the CBA to be contrary to Law 80, set aside the plain text of the CBA, and granted Unión's state law claims under Law 80. **ECF No. 1-1** at 19. It is true that "a court should not reject an award on the ground that the arbitrator misread the contract." *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). However, in this case, the Court's intervention is not triggered by a misinterpretation of the CBA by the Arbitrator. Instead, this Court is forced to step-in because the "arbitrator may not ignore the plain language of the contract[.]" *Id*. In "settling a dispute with respect to the… application of a labor agreement" the award does not "draw its essence from the contract" but rather from Law 80. *Id*. Thus, by

declaring that Law 80 "prevails,"[9] it cannot be said that the "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Id*.

## IV. Conclusion

Years ago, the Supreme Court explained that

> [T]he subject matter of § 301(a) is *peculiarly one that calls for uniform law*... The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. Because neither party could be certain of the rights which it had obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract *provisions in such a way as to contain the same meaning under two more systems of law which might someday be invoked in enforcing the contract.*

*Teamsters v. Lucas Flour*, 369 U.S. 95, 103 (1962)(emphasis added). The instant case is an example of the problem the Supreme Court forewarned decades ago in *Lucas Flour*. The Arbitrator made an attempt to reconcile two systems of law when interpreting the CBA. Erroneously, the Arbitrator chose state law and disregarded federal labor law.

For all the above, the petition to vacate the award at **ECF No. 1** is **GRANTED**. Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of August, 2021.

                **S/AIDA M. DELGADO-COLÓN**
                **United States District Judge**

---

[9] **ECF No. 1-1** at 14. In Unión words, the "arbitrator concluded… that… Article IX [of the BCA]… violated the public policy established in Law 80… she concluded that this part [of the CBA]… was superseded by… Law 80." **ECF No. 12** at 6.